**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DR. WILLIAM P. GRESS, DR. WILLIAM M. POLLACK, GLEN ELLYN PHARMACY, INC., G. R. CLEMENS, D.D.S., HEIDBREDER BUILDING GROUP, LLC, and A.S.A.P. FABRICATION, INC. | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LIBERTY CAPITAL GROUP, INC., and JOHN DOES 1-10, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

### INTRODUCTION

1.      Plaintiffs Dr. William P. Gress, Dr. William M. Pollack, Glen Ellyn Pharmacy, Inc., G. R. Clemens, D.D.S., Heidbreder Building Group, LLC, and A.S.A.P. Fabrication, Inc. bring this action to secure redress for the actions of defendant Liberty Capital Group, Inc., in sending or causing the sending of unlawful advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### PARTIES

2.      Plaintiff Dr. William P. Gress is an individual with offices at 855 Maple Avenue, Homewood, Illinois 60430, where he maintains telephone facsimile equipment.

3.      Plaintiff Dr. William M. Pollack is an individual with offices at 20566 N. Milwaukee Avenue, Deerfield, IL 60015, where he maintains telephone facsimile equipment.

4.      Plaintiff Glen Ellyn Pharmacy, Inc., is an Illinois corporation with offices in Illinois, where it maintains telephone facsimile equipment.

5.      Plaintiff G. R. Clemens, D.D.S. is an individual with offices at 3340 South Oak Park, Suite 301, Berwyn, IL 60402, where he maintains telephone facsimile equipment.

6.      Plaintiff Heidbreder Building Group, LLC is an Illinois limited liability company

with offices at 500 North Fairway Drive, Vernon Hills, Illinois 60061, where it maintains

telephone facsimile equipment.  Its members are residents of Illinois.

7.     Plaintiff A.S.A.P. Fabrication, Inc., is an Illinois corporation with offices located

in the Chicago metropolitan area, where it maintains telephone facsimile equipment.

8.     Defendant Liberty Capital Group, Inc., is a California corporation. Its registered

 agent and address is Shari Millar, 6174 Agee Street #81, San Diego, CA 92122.

9.     Defendants John Does 1-10 are other natural or artificial persons that were

involved in the sending of the facsimile advertisements described below.  Plaintiff does not know

who they are.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow

Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*,

427 F.3d 446  (7th Cir. 2005).

11.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.     Have committed tortious acts in Illinois by causing the transmission of

        unlawful communications into the state.

    b.     Have transacted business in Illinois.

12.      Venue in this District is proper for the same reason.

## FACTS

13.     On August 19, 2010, plaintiff Dr. William P. Gress received the fax advertisement

attached as Exhibit A on his facsimile machine.

14.     On March 3, 2011, plaintiff Dr. William P. Gress received the fax advertisement

attached as Exhibit B on his facsimile machine.

14.     On November 8, 2011, plaintiff Dr. William P. Gress received the fax

advertisement attached as Exhibit C on his facsimile machine.

15.     On June 12, 2012, plaintiff Dr. William P. Gress received the fax advertisement

attached as <u>Exhibit D</u> on his facsimile machine.

16.     On October 24, 2012, plaintiff Dr. William P. Gress received the fax advertisement attached as <u>Exhibit E</u> on his facsimile machine.

17.     On August 19, 2010, plaintiff Dr. William M. Pollack received the fax advertisement attached as <u>Exhibit F</u> on his facsimile machine.

18.     On November 3, 2010, plaintiff Dr. William M. Pollack received the fax advertisement attached as <u>Exhibit G</u> on his facsimile machine.

19.     On March 3, 2011, plaintiff Dr. William M. Pollack received the fax advertisement attached as <u>Exhibit H</u> on his facsimile machine.

20.     On November 8, 2011, plaintiff Dr. William M. Pollack received the fax advertisement attached as <u>Exhibit I</u> on his facsimile machine.

21.     On June 12, 2012, plaintiff Dr. William M. Pollack received the fax advertisement attached as <u>Exhibit J</u> on his facsimile machine.

22.     On April 16, 2013, plaintiff Dr. William M. Pollack received the fax advertisement attached as <u>Exhibit K</u> on his facsimile machine.

23.     On September 24, 2010, plaintiff Glen Ellyn Pharmacy, Inc., received the fax advertisement attached as <u>Exhibit L</u> on its facsimile machine.

24.     On November 11, 2010, plaintiff Glen Ellyn Pharmacy, Inc., received the fax advertisement attached as <u>Exhibit M</u> on its facsimile machine.

25.     On March 16, 2011, plaintiff Glen Ellyn Pharmacy, Inc., received the fax advertisement attached as <u>Exhibit N</u> on its facsimile machine.

26.     On July 28, 2011, plaintiff Glen Ellyn Pharmacy, Inc., received the fax advertisement attached as <u>Exhibit O</u> on its facsimile machine.

27.     On August 8, 2012, plaintiff Glen Ellyn Pharmacy, Inc., received the fax advertisement attached as <u>Exhibit P</u> on its facsimile machine.

28.     On April 14, 2011, plaintiff G. R. Clemens, D.D.S., received the fax

advertisement attached as Exhibit Q on his facsimile machine.

29. During 2013, plaintiff Heidbreder Building Group, LLC, received the fax advertisement attached as Exhibit R on its facsimile machine.

30. On August 15, 2012, plaintiff A.S.A.P. Fabrication, Inc., received the fax advertisement attached as Exhibit S on its facsimile machine.

31. On February 8, 2013, plaintiff A.S.A.P. Fabrication, Inc., received the fax advertisement attached as Exhibit T on its facsimile machine.

32. Discovery may reveal the transmission of additional faxes as well.

33. Defendant Liberty Capital Group, Inc., is responsible for sending or causing the sending of the faxes.

34. Defendant Liberty Capital Group, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

35. Defendant Liberty Capital Group, Inc., either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

36. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

37. The TCPA provides for affirmative defenses of consent or an established business relationship. Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA. *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).

38. Exhibits A, B, D, F, G, H, J, K, L, M, N, O, and Q do not contain an "opt out" notice in the form required by 47 U.S.C. § 227.

39. There is no reasonable means for plaintiffs or other recipients of defendant's advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

40.     Plaintiffs incorporate ¶¶ 1-39.

41.     The TCPA,  47 U.S.C.  §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

42.     Plaintiffs suffered damages as a result of receipt of the faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiffs' statutory right of privacy was invaded.

43.     Plaintiffs are entitled to statutory damages.

44.     Defendants violated the TCPA even if their actions were only negligent.

45.     Defendants should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.       Actual damages;

b.      Statutory damages;

c.      An injunction against the further transmission of unlawful fax advertisements;

d.      Costs of suit;

5

      e.        Such other or further relief as the Court deems just and proper.


                                                     <u>s/ Daniel A. Edelman</u>
                                                     Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


   s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26370\Pleading\Complaint_Pleading.wpd